[Cite as *State v. Jackson*, 2026-Ohio-3077.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVANTE L. JACKSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CO 0031**

---

Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Christopher R.W. Weeda,* Assistant Prosecutor, for Plaintiff-Appellee, No Response Filed.

Davante L. Jackson, Pro se, Defendant-Appellant

Dated: August 7, 2026

**PER CURIAM.**

**{¶1}** On July 9, 2026, Appellant Davante L. Jackson filed a pro se motion for reconsideration under App.R. 26(A). Our opinion in this matter was filed on June 10, 2026, and a copy was sent to Appellant and noted on the clerk of court's docket the same day. App.R. 26(A)(1)(a) requires a motion for reconsideration to be filed "no later than fifteen days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing . . . ." As Appellant's motion is untimely, it is dismissed.

**{¶2}** Even if Appellant's motion for reconsideration had been timely filed, it would clearly have been overruled.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68 (1987), paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1997).

**{¶3}** Appellant's motion for reconsideration does not specify any error, obvious or otherwise, made by this Court. It does not raise any matter that must be reconsidered. The motion simply asks us to look, once again, at the briefs and the record and issue

Case No. 25 CO 0031

another opinion that would be favorable to Appellant. This is not the purpose of appellate reconsideration. Since Appellant has not raised any error or issue that requires reconsideration, the motion must be dismissed even if it were timely.

**{¶4}** Appellant's motion for reconsideration is dismissed as untimely filed. Additionally, Appellant has failed to cite any obvious error in our Opinion, or bring to our attention any issue that we failed to consider or did not consider fully but should have.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**